IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAULA BRADSHAW | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:09cv743-HSO-JMR |
| | § | |
| CITY OF GULFPORT, | § | |
| MISSISSIPPI, *et al.* | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
DISMISSING PLAINTIFF'S TITLE VII CLAIMS WITH PREJUDICE, AND
DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT PREJUDICE**

BEFORE THE COURT is the Motion [13] for Summary Judgment, pursuant to FED. R. CIV. P. 56, filed by Defendants City of Gulfport, Mississippi ["the City"], and Jim Cowan ["Cowan"] [collectively, "Defendants"], specially appearing. Plaintiff Paula Bradshaw ["Plaintiff"] has filed a Response [14], Defendants a Rebuttal [16], and Plaintiff a Surrebuttal [17]. After due consideration of Defendants' Motion, the related pleadings, the record, and the relevant law, and because Plaintiff's Title VII claims are barred by the applicable statute of limitations, the Court is of the opinion that Defendants' Motion should be granted in part and denied in part.

I. FACTUAL AND PROCEDURAL HISTORY

According to Plaintiff, the City hired her in February 1997 to work at different departments and locations. Compl., at ¶ 8. In 2008, she was transferred to the Francis X. Collins Fitness Center [the "Center"], where she was the only full-time African-American employee. *Id.* Cowan was the Center's supervisor. *Id.* Plaintiff alleges that, during her tenure with the City, she was "repeatedly subjected to

racially discriminatory harassment by supervisors, repeated unfounded prosecutions based on false accusations, and insensitive name-calling by patrons, colleagues and co-workers. . . ." *Id.* at ¶ 9. Plaintiff further alleges that on March 4, 2008, she found a hangman's noose hanging in the key closet of her office, which she immediately reported to Cowan and a co-worker. *Id.* at ¶ 10.

Plaintiff filed her first charge of employment discrimination with the Equal Employment Opportunity Commission ["EEOC"] on December 5, 2008. Compl., at ¶ 7. However, she did not file the charge within 180 days of the incident, and she concedes that she could not satisfy the jurisdictional requirements to file suit at that time. *Id.* Plaintiff alleges that she was subsequently terminated on January 21, 2009, for engaging in protected activity, namely her opposition to discrimination and her previous filing of a discrimination charge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq. Id.* Plaintiff filed her second charge of employment discrimination with the EEOC on February 12, 2009. *Id.* (*citing* Charge of Discrimination, attached as Ex. "B" to Compl.). Plaintiff also appealed her termination to the City's Civil Service Commission. *Id.* She received a Notice of Right to Sue letter on her second EEOC charge on June 16, 2009. *Id.* (*citing* Right to Sue letter, attached as Ex. "C" to Compl.). The Civil Service Commission entered its final Order on October 1, 2009, upholding her termination. *Id.* (*citing* Civil Serv. Comm'n Order, attached as Ex. "D" to Compl.).

Plaintiff filed her Complaint in this Court against Defendants Cowan and the City on October 28, 2009, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§

2000e, *et seq.*, invoking jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3).  *See* Compl., at ¶ 1.  The Complaint advances claims for retaliation and a hostile work environment, along with state law claims for negligent hiring, retention, supervision, and control against the City, and for intentional infliction of emotional distress against both the City and Cowan.  *See id.*, at ¶¶ 25–47.  Defendants now seek dismissal of Plaintiff's Title VII claims, arguing that she failed to timely institute this suit after receiving her Right to Sue letters on both of her charges of discrimination.  *See* Mot., at pp. 5–6.  The record reflects that no discovery has yet taken place in this case.  The Case Management Conference is scheduled for October 13, 2010.

## II. DISCUSSION

### A.   Plaintiff's Request for Hearing

In her Surrebuttal [17], which she filed without leave of Court, Plaintiff states that it "is the Fifth Circuit's long established principle that it is an abuse of discretion to grant a summary judgment without proper notice and **hearing** as required by Rule 56."  Surrebuttal, at p. 2 (emphasis in original) (*citing Davis v. Howard*, 561 F.2d 565 (5th Cir. 1977); *Enochs v. Sisson*, 301 F.2d 125 (5th Cir. 1962)).  Neither of the cases cited by Plaintiff persuades the Court that it should hold a hearing on this Motion.  *Enochs* relied on an earlier version of Rule 56(c), which provided that "a motion for summary judgment 'shall be served at least 10 days before the time fixed for the hearing.'"  *Enochs*, 301 F.2d at 126 (*quoting* FED. R. CIV. P. 56(c)).  Unlike *Enochs*, the Motion in the present case has been fully briefed by the parties.

*Davis* involved a motion to dismiss which the court converted into one for

summary judgment, without notice to the plaintiffs.  *See Davis*, 561 F.2d at 568.  On

this subject, Rule 12(d) provides that

> [i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings
> are presented to and not excluded by the court, the motion must be treated
> as one for summary judgment under Rule 56.  All parties must be given a
> reasonable opportunity to present all the material that is pertinent to the
> motion.

FED. R. CIV. P. 12(d).

What Plaintiff apparently does not appreciate is that Defendants filed this

Motion as one for summary judgment, pursuant to Rule 56, not as a motion under

Rule 12(b)(6) or 12(c).  Plaintiff has therefore received proper notice that Defendants'

Motion was one for summary judgment, as the Motion was clearly entitled, "MOTION

OF JIM COWAN AND CITY OF GULFPORT, MISSISSIPPI, SPECIALLY

APPEARING, FOR SUMMARY JUDGMENT DISMISSAL PURSUANT TO FED. R.

CIV. P. 56."  Mot., at p. 1.

Finally, Local Uniform Rule 7(b)(6)(A) provides that

> [t]he court will decide motions without a hearing or oral argument unless
> otherwise ordered by the court on its own motion or, in its discretion, upon
> written request made by counsel in an easily discernible manner on the
> face of the motion or response.

L.U. CIV. R. 7(b)(6)(A).  No such written request was made on the face of Defendants'

Motion or Plaintiff's Response.  Even if such a hearing had been properly requested,

the Court, in its discretion, does not find that oral argument would be necessary or

helpful in resolving this Motion.

B.    <u>Applicable Legal Standard</u>

Defendants filed this Motion pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of Plaintiff's Title VII claims.  Plaintiff argues that this Motion is actually one for dismissal for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), *see* Resp., at p. 1, or for failure to state a claim pursuant to Rule 12(b)(6), *see* Surrebuttal, at p. 1.  As the Fifth Circuit has stated, "filing of an EEOC charge is not a jurisdictional prerequisite . . . ."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).  Rather, "it is a precondition to filing suit in district court."  *Id.* (quotation omitted).  The Court is therefore not persuaded that this Motion is more properly considered under Rule 12(b)(1).  *See id.*; *see also Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985) (stating that the district court clearly erred by phrasing its dismissal for failure to file within 90 days of receiving right to sue letter "in terms of subject matter jurisdiction").

Courts have considered motions similar to the present one under both Rule 12(b)(6) and Rule 56.  *Compare, e.g., Washington v. City of Gulfport, Mississippi,* 351 F. App'x 916, 918 (5th Cir. 2009) (affirming district court's dismissal of plaintiff's Title VII claims as untimely under Rule 12(b)(6) for failing to file suit within 90 days of receipt of right to sue letter), *and Taylor*, 296 F.3d at 376 (same), *with, e.g., Brown v. Bank of America*, 331 F. App'x 284, 285 (5th Cir. 2009) (affirming district court's summary judgment ruling in favor of defendants because plaintiff did not file lawsuit within 90 days of receipt of right to sue letter), *and Fields v. Cooper Tire & Rubber Co.*, 202 F. App'x 764, 765 (5th Cir. 2006) (same).

1.      Rule 12(b)(6) Standard

Under Rule 12(b)(6),

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57, 570 (2007)).

The conclusory nature of allegations "disentitles them to the presumption of truth."  *Id.* at 1951.  A complaint must "nudge[ ] [Plaintiff's] claims . . . across the line from conceivable to plausible."  *Id.* at 1950-51 (*quoting Twombly*, 550 U.S. at 570).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'"  *Id.* at 1950 (*quoting* FED. R. CIV. P. 8(a)(2)).

2.      Rule 56 Standard

Rule 56(c) states that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324

(1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material.  *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).  With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment.  *See id.* at 543 (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial."  *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  *See Booth*, 75 F. Supp. 2d at 543.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  *See Booth,* 75 F. Supp. 2d at 543.

Regardless of whether the Court applies either the Rule 12(b)(6) or Rule 56 standard, based on the record Plaintiff's Title VII claims must be dismissed.

C.    Analysis

    1.    Plaintiff's Title VII Claims Against the City

Title VII prohibits "retaliation by employers against employees who have filed a charge of discrimination." *Bryant v. Compass Group U.S.A., Inc.*, 413 F.3d 471, 475 (5th Cir. 2005); *see also* 42 U.S.C. § 2000e-3(a).  In order to invoke its remedial powers, Title VII requires that a party must first satisfy certain procedural and administrative requirements.  A charge of discrimination must be brought before the EEOC within 180 days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1).  A civil action may be brought by the complainant within 90 days after receiving notice of her right to sue.  42 U.S.C. § 2000e-5(f)(1).

"If a plaintiff files suit after the 90-day statute of limitations a court will dismiss the plaintiff's Title VII action." *Washington v. City of Gulfport, Mississippi*, 351 F. App'x 916, 918 (5th Cir. 2009) (*citing Taylor*, 296 F.3d at 379).  "The 90-day statutory period is strictly construed." *Id.*  A conclusory allegation that a complaint is timely filed is insufficient to avoid dismissal. *Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 548 (5th Cir. 2010).

Here, Plaintiff does not dispute that her October 28, 2009, Complaint was not filed within 90 days of obtaining her most recent right to sue letter. *See* Compl., at ¶ 7 ("Notice of a Right to Sue was received from the EEOC on June 16, 2009.").[1]

---

[1]  The Court notes that June 16, 2009, is the date the letter was issued.  Even if Plaintiff's statement in her Complaint that the letter was received on June 16, 2009, was an error, the Court nevertheless finds that her receipt of the letter occurred more than 90 days before she filed suit.  As the Fifth Circuit has held, the 90-day period begins to run "on the date the EEOC right-to-sue is delivered to the offices of formally designated counsel

Rather, she argues that (1) she did not receive the final Order from the Civil Service Commission until October 1, 2009; (2) she did not need to file a retaliatory discharge claim with the EEOC or a state agency, because her claim of retaliation was based on her previously filed EEOC claim; and (3) she is not an attorney and was unaware of the procedural requirements under federal law. *See* Resp., at pp. 4-8. In her Surrebuttal, she also asks the Court to equitably toll the 90-day time limit. The Court addresses each of these arguments in turn.

        a.    *Plaintiff's Receipt of Civil Service Commission Order*

Plaintiff maintains that she properly instituted this suit by filing her Complaint within 30 days after exhausting her administrative remedies with the Civil Service Commission. *See* Compl., at ¶ 7. Plaintiff has not directed the Court to any legal authority which permits tolling or extension of the 90-day statute of limitations due to an ongoing investigation by a civil service commission or similar local body.

Plaintiff seems to suggest that her filing of a complaint with a state or local agency alleviated the requirement to file a charge with the EEOC. *See* Resp., at pp. 3-4. She states that "a person claiming a violation of Title VII must file a complaint with the EEOC or the appropriate state administrative agency as a prerequisite to

---

or the claimant." *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986). Where the date the right to sue letter was actually received is either unknown or disputed, the date must be determined by presumption of receipt. *See Taylor*, 296 F.3d at 379. In *Taylor*, the Fifth Circuit observed that courts have presumed various receipt dates ranging from three to seven days after the letter was mailed, and found that, even using seven days, the plaintiff's claim in that case was still untimely. *Id.* The same is true here.

bringing suit in federal district court," and cites "Cause of Action for Discharge from Employment in Retaliation for the Exercise of Rights Protected by Title VII [42 USC §§ 2000e to 2000e-17]", 4 COA 2d 331 (2008).  Resp., at pp. 3-4.  However, as this treatise subsequently explains,

> [w]here the plaintiff initially filed a claim with a state agency, the plaintiff will be able to seek judicial relief by *filing a charge with the EEOC* within 300 days of the allegedly unlawful employment practice or within 30 days after the state agency terminates its proceedings, whichever is earlier.  42 U.S.C.A. § 2000e-5(e).

GEORGE CHAMBERLIN, 4 Causes of Action 2d 331 (emphasis added).

The parties dispute whether the City's Civil Service Commission qualifies as a "State or local agency," within the meaning of 42 U.S.C. § 2000e-5(e).  *See* Rebuttal, at pp. 13-15.  For purposes of the pending Motion, the Court need not resolve this question.  Even if the Court assumes, for the sake of argument, that the Civil Service Commission qualifies as such a "State or local agency," as Plaintiff contends, the result would not change, and dismissal of Plaintiff's claims would nevertheless be required, as she did not timely file her Complaint after filing a charge with the EEOC.

Specifically, Plaintiff's appeal to the City's Civil Service Commission did not eliminate the requirement that she file an EEOC charge and comply with the requirements related thereto.  *See* 42 U.S.C. § 2000e-5(e)(1); CHAMBERLIN, 4 Causes of Action 2d 331.  Plaintiff was required to timely file an EEOC charge, which she did.  What remains at issue is whether she then timely filed her Complaint after receiving her EEOC right to sue letter.

-10-

Plaintiff has not directed the Court to any legal authority which permits a Complaint to be filed within 30 days of a "State or local agency" final order, where such a filing would fall beyond the 90-day limit imposed by 42 U.S.C. § 2000e-5(f)(1).[2] Plaintiff filed her second charge of employment discrimination with the EEOC on February 12, 2009.  Compl., at ¶ 7. (*citing* Charge of Discrimination, attached as Ex. "B" to Compl.).  It is undisputed that she received a Notice of Right to Sue letter on this EEOC charge on June 16, 2009.  *Id.* (*citing* Right to Sue letter, attached as Ex. "C" to Compl.).  Plaintiff did not file her Complaint until October 28, 2009.  Because she did not file her Complaint within 90 days of receiving her Notice of Right to Sue letter, her Complaint is clearly untimely.  *See* 42 U.S.C. § 2000e-5(f)(1).

b.      *Plaintiff's Previous EEOC Charge*

Plaintiff contends that the Fifth Circuit has stated that

**where the Plaintiff previously filed an administrative claim which allegedly led to the retaliatory discharge, filing a retaliatory discharge claim with the EEOC or a state agency is unnecessary.**

Resp., at p. 4 (emphasis in original) (*citing Gupta v. E. Tex. State Univ.*, 654 F.2d 411 (5th Cir. 1981)).

This is not an entirely accurate characterization of the holding in *Gupta.*

---

[2]  Plaintiff seems to infer that, even if an EEOC right to sue letter is issued, a party can or must wait until after a State or local authority resolves the complaint before that party can file suit.  Plaintiff has directed the Court to no legal authority for such a proposition.  Moreover, the statute seems to contemplate a situation where a State or local enforcement proceeding is continuing even after an EEOC complainant files a civil action.  According to section 2000e-5(f)(1)(B), "[u]pon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings described in subsection (c) or (d) of this section or further efforts of the Commission to obtain voluntary compliance."

There, the Fifth Circuit held that

> it is unnecessary for a plaintiff to exhaust administrative remedies prior
> to urging a retaliation claim growing out of an earlier charge; the district
> court has ancillary jurisdiction to hear such a claim when it grows out of
> an *administrative charge that is properly before the court*.

*Gupta*, 654 F.2d at 414 (emphasis added).

It is clear from Plaintiff's own Complaint that the retaliatory discharge claim
she now asserts does not grow out of an administrative charge that is *properly before
this Court. See id.*; *see also* Compl., at p. 3.  When referring to her prior charge of
employment discrimination, her Complaint clearly acknowledges that "by failing to
meet the initial 180 day time limit [to file a charge with the EEOC], Plaintiff was
unable to meet the jurisdictional requirements at that time, and therefore unable to
file suit."  Compl., at p. 3.  Unlike *Gupta*, the Court in this instance lacks ancillary
jurisdiction.  *See Gupta*, 654 F.2d at 413.

    c.    *Plaintiff's Lack of Knowledge of Procedural Requirements*

Plaintiff's argument that she "was not an attorney and [was] not aware of the
procedural requirements under Federal law" is rather disingenuous.  As the record
clearly reflects, the June 16, 2009, right to sue letter was mailed to

> Ms. Paula R. Bradshaw
> c/o Thomas J. Bellinder, Esquire
> Law Offices of Sweet & Associates
> Attorneys at Law
> 158 East Pascagoula St.
> Jackson, MS 39201.

June 16, 2009, Right to Sue Letter, attached as Ex. "C" to Compl.

Mr. Bellinder is Plaintiff's counsel in the present lawsuit.  Therefore, any

inference that Plaintiff was without representation at the time of receipt of her most recent right to sue letter is inaccurate. Moreover, even had Plaintiff not been represented by counsel at the time, the Court is not persuaded that the result should be any different. The June 16, 2009, right to sue letter clearly stated that, "[i]f you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice." *Id.* It is beyond dispute that Plaintiff failed to timely file her Complaint, requiring dismissal of her Title VII claims.

> d.   *Plaintiff's Request for Equitable Tolling*

Plaintiff raises "equitable tolling" as a defense to the City's Motion for the first time in her Surrebuttal. *See* Surrebuttal, at p. 2. Under rare and exceptional circumstances, equitable tolling may apply to the 90-day period for filing a civil action. *See, e.g., Stokes,* 367 F. App'x at 548; *Baldwin v. Barre,* 299 F. App'x 444, 445 (5th Cir. 2008). However, this limitation period is "strictly construed," and Plaintiff bears the burden of demonstrating the basis for tolling the limitations period. *See Stokes,* 367 F. App'x at 548 (*citing Ramirez v. City of San Antonio,* 312 F.3d 178, 184 (5th Cir. 2002)); *Baldwin,* 299 F. App'x at 445.

The Fifth Circuit has identified three potential bases for equitably tolling the 90-day limitations period: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting her claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about her rights. *Stokes,* 367 F. App'x at 548 (*citing Manning v. Chevron Chem. Co., LLC,* 332 F.3d 874, 880 (5th Cir. 2003)).

The Fifth Circuit has cautioned that "[e]quitable tolling is . . . a remedy that should be used 'sparingly.'" *Baldwin v. Layton*, 300 F. App'x 321, 324 (5th Cir. 2008) (*quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  It "applies in rare and exceptional circumstances where strict application of a statute of limitations would be inequitable." *Baldwin*, 299 F. App'x at 445.  Equitable tolling "is available only to a party who 'diligently pursue[s] [her] rights.'" *Id.* (*quoting Caldwell v. Dretke,* 429 F.3d 521, 530 n.23 (5th Cir. 2005)).

In this case, Plaintiff argues that, had the Civil Service Commission ultimately ruled in her favor, "[s]he would at that point have an active lawsuit against her employer for a retaliatory discharge that **never took place**."  Surrebuttal, at p. 3 (emphasis in original).  Plaintiff maintains that she sought to mitigate her loss and get her job back, such that equitable tolling is appropriate.  *See id.*  Plaintiff has not demonstrated that this is such a rare and exceptional circumstance that strict application of the statute of limitations would be inequitable.  *See Baldwin*, 299 F. App'x at 445.  Nor has she identified any type of misrepresentation by Defendants which concealed her cause of action or caused her to be misled as to when it was necessary to file her suit.  *See Bradford v. La. State Univ. Med. Ctr.*, 129 F.3d 606, 1997 WL 680360, at *1 (5th Cir. Sept. 17, 1997) (*citing Irwin*, 498 U.S. at 96 n.4).  Rather, the Notice of Right to Sue letter Plaintiff received on June 16, 2009, Compl., at ¶ 7,[3] clearly advised Plaintiff that "[i]f you choose to commence a civil action, such

---

[3]  Plaintiff received this letter, at the latest, on June 23, 2009.  *See* n.1, *supra.* Ninety days after this date would have been September 21, 2009.

suit must be filed in the appropriate Court within 90 days of your receipt of this Notice." June 16, 2009, Right to Sue Letter, attached as Ex. "C" to Compl. Plaintiff did not file suit until October 28, 2009, well over 30 days after this 90 day statute of limitations had expired.

Plaintiff has not demonstrated that "equitable tolling" is appropriate, nor does the record as a whole support such relief. *See Baldwin*, 299 F. App'x at 445 ("A case filed after the deadline is subject to dismissal unless 'the pleadings ... raise some basis for tolling or the like.'") (*quoting Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). Construing all facts in Plaintiff's favor, it is clear that Plaintiff's Title VII claims are time barred and must be dismissed. *See id.*

2.    Plaintiff's Title VII Claims Against Cowan

In addition to the reasons previously discussed herein, Plaintiff's Title VII claims against Cowan should also be dismissed because Plaintiff's employer was the City, not Cowan. Even though Cowan may have been Plaintiff's supervisor, such claims against him are not actionable under Title VII, in either his official or individual capacity. *See Ackel v. National Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *see also Pryor v. Wolfe*, 196 F. App'x 260, 262-63 (5th Cir. 2006) (affirming dismissal of individual defendants in individual and official capacities, whom plaintiff alleged were his supervisors) (*citing Ackel*, 339 F.3d at 381 n.1). For this reason as well, Plaintiff's Title VII claims against Cowan must be dismissed.

3.     Supplemental Jurisdiction over State Law Claims

Defendants raise new arguments regarding Plaintiff's non-Title VII claims for the first time in their Rebuttal, including that Plaintiff's purported state law claims are duplicative of her Title VII claims and should be dismissed, and that these claims should be dismissed for failure to provide notice, pursuant to the Mississippi Tort Claims Act, Mississippi Code § 11-46-1, *et seq*.  *See* Rebuttal, at pp. 17–19.

To the extent the Complaint asserts state law claims against Defendants, the Court initially had supplemental jurisdiction over those claims, pursuant to 28 U.S.C. § 1367.  However, once a court dismisses all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a remaining claim.  *See* 28 U.S.C. § 1367(c)(3).  Given the posture of this case in light of the dismissal of Plaintiff's federal claims, and after having considered the record as a whole, the Court declines to exercise supplemental jurisdiction over any remaining state law claims.  Those claims will be dismissed without prejudice.

## III.  CONCLUSION

Because Plaintiff's Title VII claims are barred by the applicable statute of limitations, under the law of this Circuit, under either a Rule 12(b)(6) or Rule 56 standard, Plaintiff's Title VII discrimination claims against Defendants must be dismissed.  The Court will dismiss Plaintiff's state law claims without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [13] for Summary Judgment, pursuant to FED. R. CIV. P. 56, filed by Defendants City of Gulfport, Mississippi, and Jim Cowan, should be

-16-

and hereby is **GRANTED IN PART**, as to Plaintiff's Title VII claims, and **DENIED IN PART**, as to Plaintiff's state law claims.

IT IS, FURTHER, ORDERED AND ADJUDGED that, for the reasons stated more fully herein, Plaintiff's Title VII claims should be and hereby are **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claims should be and hereby are **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED AND ADJUDGED, this the 12th day of October, 2010.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE